JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kelly Evenstad

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law Offices
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215-545-7676

## DEFENDANTS

Coilplus, Inc.

County of Residence of First Listed Defendant: Rosemont, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. §621, et seq., 42 U.S.C. § 2000e, et seq.

Brief description of cause:
Plaintiff was discriminated against based on her age and sex, and retaliated against..

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 10/13/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kelly Evenstad | : | CIVIL ACTION |
| v. | : | |
| Coilplus, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 10/13/2026 | [signature] | Plaintiff, Kelly Evenstad |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELLY EVENSTAD**<br>**Philadelphia, PA 19146**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COILPLUS, INC.**<br>**6250 N. River Road, Suite 6050**<br>**Rosemont, IL 60018**<br><br>**Defendant.** | : | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, Kelly Evenstad, brings this action against her former employer, Coilplus, Inc. ("Defendant"), for unlawful sex and age discrimination in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq*. ("PFPO"). Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Kelly Evenstad, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, PA 19146.

2. Plaintiff was born in April 1965. She was fifty-nine (59) years old at the time that Defendants terminated her employment.

3. Defendant, Coilplus Inc., is a Delaware corporation with a principal place of business at 6250 N. River Road, Suite 6050, Rosemont, IL 60018.

4. From the commencement of Plaintiff's employment with Defendants, she worked out of her home in Philadelphia, PA 19146.

5. At all times material hereto, Defendants acted by and through their authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' businesses.

6. At all times material hereto, Defendants were employers within the meanings of the ADEA, Title VII, the PHRA, and the PFPO.

7. At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, Title VII, the PHRA, and the PFPO.

## III. JURISDICTION AND VENUE

8. The causes of action that form the basis of this matter arise under the ADEA, Title VII, the PHRA, and the PFPO.

9. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

10. The District Court has jurisdiction over Count II (ADEA) pursuant to 28 U.S.C. §1331.

11. The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania, and Defendant is not a citizen of the Commonwealth of Pennsylvania.

12. The District Court has jurisdiction over Count III (PHRA) and Count IV (PFPO) pursuant to 28 U.S.C. §1367.

13. Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

14. On or about May 5, 2025, Plaintiff filed a Complaint with the Philadelphia Commission on Human Relations ("PCHR") and cross-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("PHRC Complaint"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the PCHR Complaint (with personal identifying information redacted).

15. On or about July 24, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "2" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. <u>FACTUAL ALLEGATIONS</u>

17. Plaintiff was hired by Defendants on or about June 7, 2007.

18. During Plaintiff's employment, she held the position of Manager of National Accounts.

19. At all times material hereto, Plaintiff performed her job duties in a highly competent manner. By way of example only, Defendant did not issue Plaintiff any progressive discipline during her employment.

20. In around August 2023, Plaintiff began reporting to Kenneth Davis (male), Senior Vice President, National Accounts.

21. Davis reported to Christopher Sekella, Chief Operating Officer, who reported to Jun Takino, Chief Executive Officer.

22. After Plaintiff started reporting to Davis, she was treated worse than male and/or younger employees.

23. The age and sex discriminatory conduct to which Plaintiff was subjected included, but was not limited to, being ignored; being excluded from communications and meetings regarding her job duties and responsibilities; and, being excluded from meetings related to her job duties and responsibilities.

24. Davis also referred to Plaintiff as “Miss Kelly”.

25. On or about December 6, 2023, Davis removed a significant account from Plaintiff. The account was one that Plaintiff had brought to Defendant.

26. Defendant assigned that account that it removed from Plaintiff to Patrick Couzins (male), Manager of National Accounts, effective immediately.

27. To Plaintiff’s information and belief, Couzins is about ten (10) years younger than Plaintiff.

28. Defendant did not provide Plaintiff any explanation as to why it removed the account from her and assigned it to Couzins.

29. On or about April 18, 2024, Plaintiff received her performance review with a ratings of “Partially Meets Expectations” in two (2) categories, Commitment and Account Management.

30. When Plaintiff asked Davis whether anyone had said that she was not doing a good job, Davis said no and that the ratings were based on “just a feeling”.

31. Plaintiff objected to the ratings and said that she would speak with Sekella, Davis' direct supervisor, about the ratings.

32. It was only after Plaintiff objected to the "Partially Meets Expectations" ratings and saying that she would speak with Sekella about the same that Davis said that he would change those ratings to "Meets Expectations".

33. On or about April 26, 2024, Davis removed a significant account from Plaintiff.

34. Defendant assigned that account that it removed from Plaintiff to Angela Dimasso-Henneman, Manager of National Accounts, effective immediately.

35. To Plaintiff's information and belief, Dimasso-Henneman is about twelve (12) years younger than Plaintiff.

36. Defendant did not provide Plaintiff any explanation as to why it removed the account from her and assigned it to Dimasso-Henneman.

37. On or about April 30, 2024, Plaintiff met with Deborah Dunn (female), Human Resources Manager.

38. During Plaintiff's meeting with Dunn, Plaintiff complained about sex discrimination and age discrimination in connection with Davis' treatment.

39. Plaintiff complained to Dunn that Davis was targeting her, and that she did not feel secure in her position and felt that she was being pushed out.

40. Plaintiff also complained to Dunn that two (2) major accounts had been removed from her and given to a younger man and a younger woman.

41. Plaintiff told Dunn that Davis called her "Miss Kelly".

42. Dunn asked Plaintiff for her permission to discuss her complaint with Sekella, to which Plaintiff agreed.

43. To Plaintiff's information and belief, Dunn was around her age. Dunn told Plaintiff that she knew exactly how Plaintiff felt about the way that she was being treated.

44. In or around early May 2024, Sekella told Plaintiff that Defendant removed the two (2) accounts from her because the new arrangement would be a better use of everyone's time.

45. Sekella also told Plaintiff that Davis told him that he was switching accounts between Dimasso-Henneman and Plaintiff and that was why he had removed an account from Plaintiff in April and assigned it to Dimasso-Henneman.

46. Plaintiff told Sekella that Davis, in fact, had not given her an account of Dimasso-Henneman's, and that Dimasso-Henneman had retained all of her accounts in addition to the account from Plaintiff.

47. Sekella told Plaintiff that she was extremely valuable to Defendant and that, as long as he was with Defendant, she would have a job.

48. Defendant did not reassign Plaintiff's accounts to her.

49. To Plaintiff's information and belief, in around July 2024, Defendant terminated Dunn's employment.

50. On or about March 17, 2025, Davis and Vanessa Parada, General Manager of Human Resources, informed Plaintiff that her employment was terminated, effective immediately.

51. Davis and Parada told Plaintiff that her employment was being terminated because of restructuring and the elimination of National Accounts.

52. Plaintiff said that she wanted to remain employed at Defendant and asked if she could remain employed as a Territory Representative.

53. Davis told Plaintiff that she could not remain employed as a Territory Representative and that that was not the direction that Defendant wanted to go.

54. Defendant did not inform Plaintiff as to why her position was eliminated.

55. Defendant did not inform Plaintiff as to why her employment was terminated.

56. Following Defendant's notifying Plaintiff of her termination, it provided her with a Separation Agreement and General Release.

57. As part of Defendant's "Older Workers Benefit Protection Act Disclosures", Defendant disclosed that the "decisional unit" in connection with the "group termination program" included National Accounts, Specialty Products, and Finance.

58. Defendant's "Older Workers Benefit Protection Act Disclosures" also included that of fourteen (14) employees who comprised National Accounts, Specialty Products, and Finance, eight (8) were selected to be terminated on March 17, 2025.

59. According to Defendant's disclosures, the ages of the eight (8) employees selected for termination were 71; 69; 61; 59; 47; 47; 38; and, 36.

60. According to Defendant's disclosures, the ages of the six (6) employees who were not selected for termination were 25; 34; 29; 46; 49; and, 66.

61. To Plaintiff's information and belief, Defendant also terminated Dimasso-Henneman at around the same time that it terminated her employment.

62. Plaintiff and Dimasso-Henneman were the only women reporting directly to Davis.

63. Following Plaintiff and Dimasso-Henneman's terminations, Davis' group was entirely male.

64. Following Plaintiff and Dimasso-Henneman's terminations, Davis' group was substantially younger.

65. On or about April 10, 2025, in an email to Parada, Plaintiff stated that, as she said during her termination meeting with Davis and Parada, she wanted to continue to work for Defendant and be considered for any positions for which she was qualified.

66. On or about April 18, 2025, Parada emailed Plaintiff that she wanted to discuss with her a position that Defendant had identified for which it believed that she was qualified.

67. On or about April 22, 2025, Defendant sent Plaintiff an offer for a Territory Manager position, reporting to the Regional Sales Manager.

68. The position that Defendant offered Plaintiff was that of an outside, local sales representative.

69. Plaintiff declined Defendants' offer of Territory Manager. She sent the following email to Parada on April 25, 2025:

> I was very disappointed to receive the job offer to be a Territory Representative for Coilplus Philadelphia. The fact that this is a demotion in job classification and compensation further solidifies my belief that I have been discriminated against by Coilplus based on my sex and my age and retaliated against based on my objection to sexist comments and conduct. I do not feel that I can work for the company after what it has put me through and how it has hurt me and hurt my family. Coilplus violated the law, and that is not acceptable to me. It would be too upsetting to me to go back and be a victim again and have you and the company deny what happened to me and what was said and done to me. I emotionally cannot take it. I cannot return to work for this company.

70. No one at Defendant responded to Plaintiff's April 25, 2025 email to Parada.

71. To Plaintiff's information and belief, other women have made complaints about sex discriminatory treatment.

72. To Plaintiff's information and belief, during her employment, there was an underrepresentation of female employees at senior manager/leadership levels.

73. Defendant did not provide Plaintiff with a legitimate, non-discriminatory reason for her termination.

74. Defendant failed to remedy or prevent the discrimination and retaliation to which Plaintiff was subjected.

75. Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the termination of her employment.

76. Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the termination of her employment.

77. Plaintiff's complaints of discrimination were motivating and/or determinative factors in connection with Defendant's retaliatory treatment of Plaintiff, including the termination of her employment.

78. Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

79. The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

80. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I – ADEA**

81. Plaintiff incorporates herein by reference paragraphs 1 through 80 above, as if set forth herein in their entirety.

82. By committing the foregoing acts of age discrimination and retaliation based on Plaintiff's complaints of Defendant's discriminatory conduct, Defendant violated the ADEA.

83. Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

84. Defendant's retaliatory conduct under the ADEA warrants the imposition of punitive damages.

85. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

86. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

87. No previous application has been made for the relief requested herein.

**COUNT II - Title VII**

88. Plaintiff incorporates herein by reference paragraphs 1 through 87 above, as if set forth herein in their entirety.

89. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

90. Said violations were done with malice and/or reckless indifference.

91. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

92. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

93. No previous application has been made for the relief requested herein.

**COUNT III – PHRA**

94. Plaintiff incorporates herein by reference paragraphs 1 through 94 above, as if set forth herein in their entirety.

95. Defendant, by the above improper, discriminatory, and retaliatory acts, have violated the PHRA.

96. Said violations were intentional and willful.

97. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

98. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

99. No previous application has been made for the relief requested herein.

**COUNT IV – PFPO**

100. Plaintiff incorporates by reference the foregoing paragraphs as set forth herein in their entirety.

101. By committing the foregoing acts of sex and age discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

102. Said violations were intentional, malicious, and/or willful, and done with reckless indifference to Plaintiff's rights, warranting the imposition of punitive damages.

103. As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has suffered and continues to suffer lost earnings, loss of earning capacity, loss of benefits, emotional distress, pain and suffering, embarrassment, humiliation, mental anguish, loss of life's pleasures, and has incurred attorneys' fees and costs.

104. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful conduct complained of herein.

105. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a. declaring the acts and practices complained of herein to be a violation of the ADEA;

b. declaring the acts and practices complained of herein to be a violation of Title VII;

c. declaring the acts and practices complained of herein to be a violation of the PHRA;

d. declaring the acts and practices complained of herein to be a violation of the PFPO;

e. enjoining and restraining permanently the violations alleged herein;

f. entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

g. awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

h. awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

i. awarding punitive damages under Title VII and the ADEA;

j. awarding liquidated damages under the ADEA;

k. awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, the PHRA, the PFPO; and

l. awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and

m. granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Date: October 13, 2026 By: ______________________

Caren N. Gurmankin (205900)
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff, Kelly Evenstad

# Exhibit A

CITY OF PHILADELPHIA
PHILADELPHIA COMMISSION ON HUMAN RELATIONS

**COMPLAINT**

| | |
|---|---|
| COMPLAINANT: | PCHR Docket No. 2025-05-08-20472 |
| **KELLY EVENSTAD** | EEOC Docket No. 17G-2025-00048 |
| v. | |
| RESPONDENT: | |
| **COILPLUS INC.** | |

1. The Complainant herein is:

   Name: Kelly Evenstad

   Address: [redacted]
   Philadelphia, PA 19146

2. The Respondent herein is:

   Name: Coilplus Inc.

   Address: 6250 N. River Road, #6050
   Rosemont, IL 60018

3. I, Kelly Evenstad, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (59), my sex (female), and/or the combination of my age and sex ("age/sex"), and retaliation because of my engaging in protected activity, as set forth below.

**Discrimination and Retaliation**

**A. I specifically allege:**

[1] I was hired by Respondent on or about June 7, 2007.

[2] My birth date is April 19, 1965.

[3] I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4] I last held the position of Manager of National Accounts.

[5] I worked out of my home office in Philadelphia, Pennsylvania.

[6] I last reported to Kenneth Davis (male, 58[1]), Senior Vice President, National Accounts. Davis reported to Christopher Sekella (male, 56), Chief Operating Officer. Sekella reported to Jun Takino (male, 54), Chief Executive Officer.

[7] Respondent has an underrepresentation of female employees, especially in high level positions.

[8] In August 2023, I began directly reporting to Davis.

[9] Neither Davis nor Sekella had any role in my being hired.

[10] I was treated differently and worse and in a more hostile and dismissive manner than male and/or younger employees were treated.

[11] I was ignored.

[12] My performance was unjustly criticized.

[13] I was excluded from meetings related to my job duties.

[14] I was excluded from communications related to my job duties.

[15] I was interacted with in a condescending and/or demeaning manner.

[16] I was called "Miss Kelly."

[17] I objected to Davis calling me "Miss Kelly." I found the same discriminatory based on my sex.

---

[1] All ages herein are approximations.

[18] On December 6, 2023, in a meeting with Davis, Respondent removed a significant account from me, an account that I had brought to Respondent, and assigned the account to Patrick Couzins (male, 49), Manager of National Accounts, effective immediately.

[19] I received no explanation, including the criteria, as to why a significant account was removed from me and assigned to a less qualified, substantially younger, male employee.

[20] I was more qualified to handle the significant account than the substantially younger, male employee to whom it was assigned.

[21] Respondent removed the significant account from me because of my age and/or sex and/or age/sex.

[22] On April 18, 2024, in a meeting with Davis, I received a Partially Meets Expectations performance review rating in the categories of Commitment and Account Management. I objected to the same. My performance did not warrant Partially Meets Expectations ratings. When I asked if I anyone had specifically stated that I had not done a good job, he said no, that it was "just a feeling." When I stated that I did not agree with the Partially Meets Expectations performance review ratings and that I would speak with Sekella about it, Davis stated that he would change my ratings to Meets Expectations.

[23] Before reporting to Davis, I had not received any performance ratings below Meets Expectations.

[24] I received a Partially Meets Expectations performance review rating in the categories of Commitment and Account Management because of my age and/or sex and/or age/sex.

[25] On April 26, 2024, in a meeting with Davis, Respondent removed a significant account from me, and assigned the account to Angela Dimasso-Henneman (female, 47), Manager of National Accounts, effective immediately. When I asked if the account had asked for the reassignment, Davis said no. When I asked if anyone had complained about my performance or handling of this account, which I had been doing for years, and Davis said no.

[26] I received no explanation, including the criteria, as to why a significant account was removed from me and assigned to a less qualified, substantially younger employee.

[27] I was more qualified to handle the significant account than the substantially younger employee to whom it was assigned.

[28] On April 30, 2024, in a meeting with Deborh Dunn (female, 59), Human Resources Manager, I complained of sex and age discrimination in connection with how I was being treated by Davis. I stated that two (2) major accounts had been removed from me and given to a forty-nine (49) year old man and a forty-seven (47) year old woman. I stated that Davis called me "Miss Kelly." I stated that I felt like I was being pushed out. Dunn told me that she knew exactly how I felt. She told me that she would discuss my complaints with Sekella.

[29] In or about early May 2024, in a phone call with Sekella, he stated that the two (2) accounts were removed from me because it would be a better use of everyone's time with this arrangement. He stated that I was extremely valuable to Respondents and that as long as he was with Respondents, I would have a job. He stated that he had my back.

[30] In July 2024, Respondents terminated Dunn's employment.

[31] On March 17, 2025, in a meeting with Davis and Vanessa Parada (female, 38), General Manager of Human Resources, Respondent terminated my employment, effective immediately. The stated reason was restructuring and the elimination of National Accounts. I

stated that I wanted to continue to work for Respondents, and proposed a position in which I could remain employed, but Davis said no.

[32] Respondent offered no explanation, including the selection criteria, as to why I was terminated and younger and/or male and/or noncomplaining employees were retained.

[33] At the time of my termination, I was one (1) of two (2) female employees directly reporting to Davis.

[34] At the time of my termination, I was the oldest employee directly reporting to Davis.

[35] At the time of my termination, I was the only employee directly reporting to Davis who, to my knowledge, engaged in protected activity.

[36] On April 10, 2025, in an email to Parada, I stated: "[A]s I said in my termination teams meeting with you and Ken Davis, I would like to continue to work for Coilplus and be considered for any positions that I am qualified for."

[37] On April 22, 2025, Respondent offered me a demoted position into which I could be rehired at Respondent.

[38] On April 25, 2025, in an email to Parada, I stated: "I was very disappointed to receive the job offer to be a Territory Representative for Coilplus Philadelphia. The fact that this is a demotion in job classification and compensation further solidifies my belief that I have been discriminated against by Coilplus based on my sex and my age and retaliated against based on my objection to sexist comments and conduct. I do not feel that I can work for the company after what it has put me through and how it has hurt me and hurt my family. Coilplus violated the law, and that is not acceptable to me. It would be too upsetting to me to go back and be a victim again and have you and the company deny what happened to me and what

was said and done to me. I emotionally cannot take it. I cannot return to work for this company."

[39] I received no response to my above email.

[40] Respondent terminated my employment because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[41] Respondent offered me a demoted position because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[42] Respondent subjected me to a hostile work environment because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[43] Respondent failed to remedy or prevent the age and sex discrimination and retaliation against me.

[44] At the time of my termination, the following employees, in addition to me, were directly reporting to Davis. I was more qualified for each of these employees' positions except for the Business Analyst position.

a. Alex Burton (male, 25), Toll Processing Manager;

b. Patrick Couzins (male 49), Manager of National Accounts;

c. Daniel Lisznyai (male 50), Business Analyst;

d. Angela Dimasso-Henneman (female, 47), Manager of National Accounts.

[45] On March 17, 2025, in addition to me, Respondent terminated Dimasso-Henneman (female, 47).

[46] At the time of my termination, outside of Human Resources, I was the highest-ranking female in Respondent.

[47] After March 17, 2025, there were no female employees directly reporting to Davis.

[48] Each of the retained employees who were directly reporting to Davis was substantially younger, male, and noncomplaining.

[49] Respondent retained male and/or younger and/or noncomplaining employees in positions for which I was more qualified.

[50] Respondent retained less qualified male and/or younger and/or noncomplaining employees who were hired after me.

[51] Respondent assigned my job duties to substantially younger and/or male and/or noncomplaining employees, including Couzins (male, 49). I was more qualified to perform my job duties than the substantially younger and/or male and/or noncomplaining employees, including Couzins, to whom Respondent assigned my job duties.

[52] I had no disciplinary or performance issues throughout my employment.

[53] Other female employees have complained of sex discrimination at Respondent.

[54] The sex and age discrimination and retaliation to which I was subjected constitutes a continuing violation.

[55] Respondent's comments and conduct evidence a bias against older and/or female and/or complaining employees.

[56] Respondent's age, sex, and age/sex discrimination and retaliation against me have caused me emotional distress.

**B.** Respondent has discriminated against me because of my sex (female), age (59), and a combination of my sex and age ("sex/age"), and retaliated against me because of my

engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

**_X_ Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"), Section _9-1103_.**

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**_X_ This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

5/1/2025 — Kelly Evenstad

(Date Signed) (Signature) Kelly Evenstad

[redacted]

Philadelphia, PA 19146

# Exhibit B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 7/24/2026

**To:** Kelly Evenstad
[redacted]
Philadelphia, PA 19146

Charge No: 17G-2025-00048
EEOC Representative and email: State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough 7/24/2026

Karen McDonough
Deputy District Director

cc: For Respondent
Ted Schroeder Esq.
Littler Mendelson, PC
One PPG Place Suite 2400
Pittsburgh, PA 15222

For Charging Party
Emily R Derstine-Friesen
Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Please retain this notice for your records.